EDMUND CHACE & others *vs*. INHABITANTS OF FALL RIVER.

A verdict of a sheriff's jury, under a complaint of A. B. and others for damages to land by reason of the laying out of a highway, which states as follows: "We find that the said complainants have sustained damages by means of said laying out of said street or way over or adjoining their land, and the continuance thereof, and we find and allow damages to each of them respectively as follows, to wit, to A. B., nothing," should not be set aside as repugnant or against law, but should be accepted as a verdict that he has sustained no damages for which he is entitled to compensation.

APPEAL from the decision of *Wilkinson*, J., in the superior court, setting aside, as repugnant and against law, a verdict of a sheriff's jury under a complaint for damages sustained by reason of the laying out of a highway over and adjoining land of the complainants. The material portions of the verdict are set forth in the opinion.

*C. I. Reed & J. C. Blaisdell*, for the respondents.

*E. Williams & S. Borden*, for the complainants.

HOAR, J. The court are of opinion that the verdict of the jury was a sufficient finding upon the matters submitted to them; and that it should not be set aside as repugnant or against law. It is a verdict that the complainants have sustained no damages for which they are entitled to compensation. After reciting that the jury were empanelled and sworn according to law, and that they made choice of a foreman, it states that they "find that the said complainants have sustained damages by means of said laying out of said street or way over or adjoining their land, and the continuance thereof, and we find and allow damages to each of them respectively as follows, viz: To Edmund Chace, nothing. To William Carr and wife, nothing. All which we find and award as a just and reasonable compensation for the damages which have been occasioned to said complainants respectively by reason of the laying out of said street or way."

The true construction of this finding seems to require that the words "as follows" should be taken to qualify both parts of the preceding statement; and that the jury mean to say that the

45 *

complainants have sustained damages " as follows," viz : " Nothing," and that they have assessed them accordingly.

Another consideration relating to the duty of the jury would make their verdict a proper one, even if the first part of it were construed as finding that the complainants had sustained some damages. By Gen. Sts. *c*. 43, § 16, it is provided that, after estimating the damages done to a party by taking his property, or injuring it in any manner, there shall be allowed by way of set-off the benefit, if any, to the property. This verdict is perfectly consistent with the idea that the jury may have decided that the property of these complainants had sustained some damage, but that the benefit received was a full equivalent, and so that no compensation should be allowed.

The judgment of the superior court, setting the verdict aside, must therefore be vacated. But as the motion of the defendants to set aside the verdict as against evidence has not been disposed of, we make no further order.